Per Curiam.

On September 19, 1949, companion Special Term orders were made, identical in form, granting motions by defendants for a bill of particulars. The memorandum of the court stated: “ If the plaintiff is lacking in knowledge of any of the items, he may so state under oath and supply the same within twenty days after the completion of an examination before trial should the examination develop the required information.” In ostensible compliance with these orders, plaintiff served a bill of particulars verified by his attorney. We think that, under the circumstances of this case, the general formal statement of plaintiff’s attorney that the sources of his information and grounds for his belief are based upon bis representation of plaintiff in the suit is insufficient. Other affidavits show that although plaintiff’s place of residence is outside of New York City, he maintains his place of business in this county and is frequently here. The verification by plaintiff’s attorney is especially unsatisfactory in this case, inasmuch as it does not appear that he is in position to state whether plaintiff lacks knowledge of the numerous items in the bill of particulars of which it is averred that plaintiff is ignorant. The appeal by defendants now before this court is from an order by Special Term entered November 28, 1949, denying a motion to preclude plaintiff from giving any evidence at the trial of items of which particulars have not been furnished pursuant to the aforesaid orders of September 19, 1949. The order appealed from permits further particulars to be furnished of certain items, in which event defendants’ motion to preclude is denied. It is difficult to determine whether such a disposition was correct, owing to the failure of the *951 bill of particulars to be verified by plaintiff. Defendants have raised timely objection to the omission of plaintiff’s verification, and we regard the situation as though no bill of particulars had been served. The orders granting the bill of particulars stated that if plaintiff is lacking in knowledge of any of the items, he may so state. The bill served was also incomplete, insufficient and not responsive. The order appealed from is modified so as to grant defendants’ motion to preclude unless within twenty days from service of a copy of the order to be entered herein with notice of entry, plaintiff shall serve a bill of particulars, verified by plaintiff personally in compliance with said orders of September 19, 1949, and as to all the items in said orders, and as so modified the order appealed from should be affirmed, with $20 costs and disbursements to the defendants-appellants.
Dore, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ., concur.
Order, so far as appealed from, unanimously modified so as to grant defendants’ motion to preclude unless, within twenty days from service of a copy of the order to be entered herein, with notice of entry, plaintiff shall serve a bill of particulars, verified by plaintiff personally in compliance with orders entered herein in the Supreme Court, New York County, on September 19, 1949, and as to all the items in said orders, and, as so modified, affirmed, with $20 costs and disbursements to the appellants.